AUTOPARTS FINANCE COMPANY, INC. and A. P. S. Inc., Plaintiffs,

v.

GRIER AUTO PARTS, INC., John M. Grier, Rena M. Grier, Gary M. Grier, Defendants.

No. 77–1070C(3).

United States District Court, E. D. Missouri, E. D.

Dec. 4, 1978.

As Amended Dec. 19, 1978.

Steven Goldstein, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for plaintiffs.

Harold G. Johnson, St. Ann, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

Plaintiffs filed this suit, pursuant to 28 U.S.C. § 1332 seeking replevin, monies owing on a note, and guaranty, and monies owing for goods provided.

This cause was tried to the Court sitting without a jury. After consideration of the evidence adduced, the exhibits presented, the stipulations of the parties, and being otherwise fully advised in the premises, the Court hereby makes the following findings

of fact and conclusions of law in accordance with Rule 52, Federal Rules of Civil Procedure:

## FINDINGS OF FACT

1) Plaintiff Autoparts Finance Company, Inc. [hereinafter "AFC"] is a corporation organized and existing pursuant to the laws of the state of Delaware with its principal place of business in the state of Texas. Plaintiff, A.P.S., Inc. is a corporation organized and existing pursuant to the laws of the state of Delaware, and is a corporate successor of American Parts System, Inc. by operation of law. Defendant Grier Auto Parts, Inc. is a corporation organized and existing pursuant to the laws of the state of Missouri with its principal place of business in that state. Defendants John M. Grier, Rena M. Grier and Gary M. Grier are citizens and residents of the state of Missouri.

2) On August 26, 1975, Grier Auto Parts, Inc. through its president Gary M. Grier made and delivered to plaintiff AFC its note in the amount of $25,000.00 plus interest at the rate of 12% per annum on the declining balance thereof, payable in 120 consecutive monthly installments of $358.69 commencing on September 15, 1975, with like payments thereafter on the 15th day of each month until August 15, 1985. This promissory note contains a provision requiring the payment of attorney's fees should counsel be retained in connection with the collection of sums owing. On the same date, August 26, 1975, Grier Auto Parts, Inc., through its president Gary M. Grier executed a security agreement to secure the promissory note. Also on the same date, the individual defendants, John M. Grier, Rena M. Grier and Gary M. Grier, executed a personal guaranty of indebtedness of Grier Auto Parts, Inc. to AFC and, as officers of Grier Auto Parts, Inc., executed a pledge agreement to secure the note.

3) The Pledge Agreement provided, in part, that Grier Auto Parts, Inc. was required to maintain a net working capital of at least $33,500.00; a ratio of current assets to current liabilities of at least 2 to 1; and a net worth of at least $18,750.00. In addition, Grier Auto Parts, Inc. was also required to provide AFC with monthly financial statements. Failure to comply with any of these requirements would constitute a default. The terms of the promissory note and security agreement provided that any default pursuant to the pledge agreement would entitle AFC to accelerate the balance of the promissory note, and to obtain possession pursuant to the security agreement.

4) At the time of the execution of these instruments, Grier Auto Parts, Inc. satisfied all of the financial requirements. Although Grier Auto Parts, Inc. has made monthly payments to AFC in accordance with the promissory note, it has failed to meet the financial requirements of the pledge agreement. Its net working capital, as of June 30, 1977 was less than $33,500.00. Its ratio of current assets to current liabilities was less than 2 to 1 on that date. Similarly, its net worth was less than $18,750.00.

5) On August 16, 1977, through counsel AFC accelerated the balance due on the promissory note and made formal demand for the sum owing, $22,204.90. AFC also demanded return of all collateral securing the obligation. Although the demands have not been met, Grier Auto Parts, Inc. has continued to make monthly payments on the note. As of September 8, 1978, the balance due on the note was $20,624.39 together with interest thereon at the rate of 12% per annum.

6) On May 12, 1978, plaintiff APS filed an action in replevin in the Circuit Court of St. Louis County, Missouri. An order of delivery in replevin was issued, authorizing APS to seize the same collateral which secures the AFC promissory note. APS now holds custody of such property pending disposition of the same by the Circuit Court.

7) At various times from August, 1975 through August, 1977, APS provided goods to defendant Grier Auto Parts, Inc. From the period May 25, 1976 to August, 1977, Grier Auto Parts, Inc. received goods with a reasonable value of $18,832.91. Although demand has been made for pay-

ment, Grier Auto Parts, Inc. has failed to pay the same. The Court finds that there was no oral agreement by which defendants were permitted to pay their account at APS by core returns, returned merchandise and ten percent payment of the unpaid balance of the account such that APS is barred from demanding payment in full. While APS was perhaps willing to accept partial payment of the balance of the open account, in lieu of no payment at all, such action did not constitute a modification of the terms of payment of the account which would preclude APS from demanding payment in full.

8) The Court finds that counsel for plaintiff performed services herein having a reasonable value of $2,500.00.

### CONCLUSIONS OF LAW

This Court has jurisdiction of the subject matter and the parties to this cause in accordance with 28 U.S.C. § 1332.

■ Defendants concede that they have not maintained the requisite financial ratios. They argue, however, that it is only a minor default, existing for a long period of time, and is insufficient to accelerate payment. The Court disagrees. The terms of the pledge agreement are clear and enforceable. The default is not minor but relates directly to plaintiff's financial interest in defendant Grier Auto Parts, Inc. Additionally, the Court concludes that the pledge agreement is not unconscionable and that plaintiff accelerated payment in good faith. Thus, the Court concludes that plaintiff AFC is entitled to judgment on its claim for replevin, monies owing on the note, and the monies owing on the guaranty. *Cf., Jensen v. State Bank of Allison,* 518 F.2d 1 (8th Cir. 1975); *Slotkin v. Willmering,* 464 F.2d 418 (8th Cir. 1972).

The property subject to replevin, sought by plaintiff ACF is in the custody of the Circuit Court of St. Louis County, Missouri. Accordingly, this Court will not issue an order of delivery in replevin at this time. Should the Circuit Court return possession to defendant Grier Auto Parts, Inc. plaintiff AFC may apply to this Court for the issuance of such order.

Similarly, the Court concludes that plaintiff A.P.S. Inc. is entitled to judgment against defendant Grier Auto Parts, Inc. for the monies owing for goods delivered. The evidence failed to support defendant's claim that said plaintiff has waived its right to demand payment.

Accordingly, judgment will be entered in plaintiffs' favor on all counts herein. Attorney's fees in the amount of $2,500.00 will be awarded.